IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW MILTON WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 2:16cv690-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is petitioner Andrew Milton Williams's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  Doc. # 1.[1]  After considering the parties' submissions, the record, and the applicable law, the court finds that Williams's § 2255 motion should be denied without an evidentiary hearing.  Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## I.  INTRODUCTION

On May 23, 2013, Williams pleaded guilty to conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349, and bank fraud, in violation of 18 U.S.C.

---

[1] Unless otherwise indicated, references to document numbers (Doc(s). #) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

§ 1344.  Doc. # 6-4.  Following a sentencing hearing on June 26, 2014, the district court sentenced Williams to 48 months in prison.  Doc. # 6-9.

Williams appealed, arguing that (1) his sentence was procedurally unreasonable because the district court based its denial of a downward departure for diminished capacity on an incorrect legal standard and a clearly erroneous fact; and (2) his sentence was substantively unreasonable because the district court relied on impermissible factors and improperly weighed the evidence of diminished capacity. Doc. # 6-12.

On May 19, 2015, the Eleventh Circuit affirmed Williams's convictions and sentence.  Doc. # 6-13; *see Williams v. United States*, 610 F. App'x 892 (11th Cir. 2015).

On August 15, 2016, Williams filed this § 2255 motion presenting the following claims:

> 1. His sentence was substantively unreasonable because the district court improperly assessed his claim seeking a downward departure for his diminished capacity that allegedly resulted from his PTSD.
>
> 2. His guilty plea was "coerced" because (a) he believed he would receive more credit than he did at sentencing for cooperating with the government; and (b) he did not understand that the district court could reject his plea agreement and sentence him to more than two years in prison.

Doc. # 1 at 4–5.

## II.  DISCUSSION

A.     **General Standard of Review**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

B.     **Claim Raised and Resolved on Direct Appeal**

Williams claims his sentence was substantively unreasonable because the district court improperly assessed his motion seeking a downward departure for his diminished capacity resulting from his post-traumatic stress disorder ("PTSD"). Doc. # 1 at 4. In particular, Williams says the district court should not have considered his education in denying his downward departure motion, because his education "has nothing to do with [his] PTSD diagnosis." *Id.*

Williams raised this same claim on direct appeal, where it was addressed and rejected by the Eleventh Circuit. *See* Doc. # 6-12 at 35–44; *United States v. Williams*, 610 F. App'x 892, 894–95 (11th Cir. 2015) (Doc. # 6-13). "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343. Williams cannot relitigate this claim, which has already been decided against him by the Eleventh Circuit in his direct appeal.

**C.   Claims Not Raised on Direct Appeal**

Williams cursorily asserts that his guilty plea was "coerced" because (a) he believed he would receive more credit than he did at sentencing for cooperating with the government by testifying against the leader of the conspiracy; and (b) he did not understand that the district court could reject his plea agreement and sentence him to more than two years in prison.[2]  Doc. # 1 at 5.

---

[2] At a March 19, 2014 hearing, the district court advised Williams that it was rejecting the plea agreement originally entered in the case because there was a discrepancy in Williams's offense level as agreed upon in the plea agreement and his offense level as calculated by the United States Probation Office in preparing the presentence report. *See* Doc. # 6-9 at 2–3. At sentencing on June 26, 2014, Williams told the court that, after discussions with his counsel, he did not wish to withdraw his guilty plea and wished to proceed with his sentencing without a plea agreement. *Id.* at 3–4.

Williams raises these claims for the first time in any proceeding.  Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding.  *See Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).  A petitioner can avoid this procedural bar only by showing both cause for failing to raise the claim on direct appeal and actual prejudice arising from that failure.  *See United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Mills*, 36 F.3d at 1055.

Although afforded an opportunity to do so, Williams has asserted no grounds as cause for his failure to raise his claims that his guilty plea was coerced.  Consequently, the claims he raises for the first time in his § 2255 motion are barred from review.[3]

Further, with specific regard to Williams's claim that he believed he would receive more credit than he did for cooperating with the government, the record reflects that the district court granted Williams a four-level reduction in his offense level based on his substantial assistance to the government.[4]  Williams states no basis for his alleged belief that he would receive a larger reduction.  There was no cooperation agreement in the plea agreement (which, as noted, was rejected by the

---

[3] A colorable claim of actual innocence may also overcome a procedural bar and allow for collateral review of a defaulted claim.  *See United States v. Frady*, 456 U.S. 152, 167–68 (1982).  Williams makes no claim that he is actually innocent of the offenses of which he was convicted.

[4] *See* Criminal Case No. 2:12cr204-MEF, Doc. # 423 at 13–29.

district court), and no such term was mentioned at the change of plea hearing. Nor does Williams assert that his trial counsel assured him of a reduction larger than the one he received. It is well settled that "the subjective belief of a defendant as to the amount of sentence that will be imposed, or the hope for leniency, unsupported by any promises from the Government or indications from the court, is insufficient to invalidate a guilty plea as unknowing or involuntary." *United States v. Maggio*, 514 F.2d 80, 88 (5th Cir. 1975); *see also Doss v. Mitchem*, 2014 WL 129039, at *6 (M.D. Ala. 2014). The fact that Williams believed he would receive more credit than he did for cooperating with the government, standing alone, does not establish that his guilty plea was coerced.

As for Williams's claim that he did not understand the district court could reject the plea agreement and sentence him to more than two years in prison, the record reflects that the possibility of a two-year sentence was never mentioned in the plea agreement or at the change of plea colloquy. Williams does not claim that his trial counsel made assurances to him that he would be sentenced to no more than two years, and Williams affirmed at the change of plea hearing that, other than the plea agreement, no one had made any promises to him to induce him to plead guilty. Doc. # 6-4 at 5. Further, both in the written plea agreement and during the change of plea colloquy, Williams acknowledged that he understood the district court could reject the plea agreement, which would then give him the right to withdraw his guilty

6

plea. Doc. # 6-3 at 9; Doc. # 6-4 at 5. When later afforded the chance to withdraw his guilty plea, Williams told the district court that he wanted to stand by his plea and to proceed to sentencing without a plea agreement. Doc. # 6-9 at 3–4. Even in the rejected plea agreement, there is no indication at all that Williams's sentence could have been as low as two years' imprisonment.

"[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). The record does not support Williams's assertion that his guilty plea was coerced. Thus, even if Williams's claims were not procedurally defaulted, they would entitle him to no relief.

Williams also alleges that District Judge Mark Fuller's "capacity to render a fair sentence is questionable in light of his forced resignation (Doc. # 1 at 4), and that his plea was rejected by "a judge with a history of unscrupulous behavior" (*id.* at 5). It is not clear that Williams presents this matter as a ground for relief, because he does not say it is, and it is unaccompanied by any supporting argument. Williams does, however, attach to his motion an exhibit containing various documents and articles related to Judge Fuller's arrest in August 2014 (over a month after Williams was sentenced) on charges of domestic abuse and his subsequent resignation from

the federal bench.  Doc. # 1-1.  In any case, Williams fails to demonstrate how behavior and events that occurred subsequent to and outside of his legal proceedings influenced the results of those proceedings or undermined their fairness.  Because Williams fails to demonstrate bias by Judge Fuller or that his sentencing was affected by the subsequent events, he presents no basis for relief on this ground.

### III.   CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Williams be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **October 25, 2018**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

    Done this 11th day of October, 2018.

                /s/ Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE